Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
## for the
### District of Massachusetts

JUL 1 '24 PM1:28 USDC

| | |
|---|---|
| Jeanne Williams-Bariffe ) | Case No. _____ |
| ) | *(to be filled in by the Clerk's Office)* |
| ) | |
| *Plaintiff(s)* ) | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* ) | Jury Trial: *(check one)* ☑ Yes ☐ No |
| -v- ) | |
| Springfield International Charter School et al ) | |
| ) | |
| *Defendant(s)* ) | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* ) | |

## COMPLAINT FOR A CIVIL CASE

### I.  The Parties to This Complaint

#### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Jeanne Williams-Bariffe |
| Street Address | 127 Farnham Avenue |
| City and County | Springfield and Hampden |
| State and Zip Code | Massachusetts and 01151 |
| Telephone Number | |
| E-mail Address | jelw.bariffe@gmail.com |

#### B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

Defendant No. 1
- Name: Justin Baker
- Job or Title *(if known)*: Director of SICS
- Street Address: 160 Joan Street
- City and County: Springfield and Hampden
- State and Zip Code: Massachusetts and 01129
- Telephone Number: 4137832800
- E-mail Address *(if known)*: jbaker@sics.org

Defendant No. 2
- Name: Derek Conway
- Job or Title *(if known)*: Director of Operations
- Street Address: 160 Joan Street
- City and County: Springfield and Hampden
- State and Zip Code: Massachusetts and 01129
- Telephone Number: 4137832800
- E-mail Address *(if known)*: dconway@sics.org

Defendant No. 3
- Name: Brendan Dwyer
- Job or Title *(if known)*: High School Principal (9-12)
- Street Address: 160 Joan Street
- City and County: Springfield and Hampden
- State and Zip Code: Massachusetts and 01129
- Telephone Number:
- E-mail Address *(if known)*: bdwyer@sics.org

Defendant No. 4
- Name: Atu White
- Job or Title *(if known)*: Superintendant of Springfield International Charter Schools
- Street Address: 160 Joan Street
- City and County: Springfield and Hampden
- State and Zip Code: Massachusetts and 01129
- Telephone Number: 8658038288
- E-mail Address *(if known)*: awhite@yahoo.com

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question     [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
Civil rights action under 42 U.S.C. s.1983, alleging violation of Constitution: 1st freedom of speech, expression and petition to government and 14th, procedural due process and parental rights under the 14th Amendment. Discrimination harassment and retaliation for protected activity and MGL 71 s.370 bullying and retaliation. Title IX, sex discrimination

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual
       The plaintiff, *(name)* Jeanne Williams-Bariffe, is a citizen of the State of *(name)* Massachusetts.

    b. If the plaintiff is a corporation
       The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual
       The defendant, *(name)* Springfield International Charter School, is a citizen of the State of *(name)* Massachusetts. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

The defendant, *(name)* Springfield Internationa Charter School , is incorporated under the laws of the State of *(name)* Massachusetts , and has its principal place of business in the State of *(name)* Massachusetts .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* Springfield International Charter Sch .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    **The Amount in Controversy**

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:

---

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

The above named Plaintiff sues the above named Defendant(s), and alleges: On December 22, 2023, Brendan Dwyer under the direction of Justin Baker and Derek Conway, blocked Plaintiff's emails as her way of sending responding to message of safety concern regarding her child(ren). Also, has/had excluded Plaintiff from her children(s) education as the decision maker, in retaliation for criticsizing a staff person who had mocked Plaintiff during a parent teleconference where the Plaintiff was unaware that a particular administrator was present until after the fact.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

WHEREFORE, Plaintiff(s) demands judgment in the sum of 100,000 plus punitive damages $400,000 and temporary restraining order and preliminary injunction striking the January 29, 2024 Order. For the reasons stated above.

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 7/1/2024

Signature of Plaintiff: Jeanne Williams-Bariffe
Printed Name of Plaintiff: Jeanne Williams-Bariffe

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Street Address: _____
State and Zip Code: _____
Telephone Number: _____
E-mail Address: _____

On January 24, 2024, Plaintiff filed a grievance against an administrator whom she felt violated her child(s) procedural due process rights when he created a hostile environment, refused to answer questions, and also refused to provide access to the video used into evidence against Plaintiff's student. On January 24, 2024, this same administrator threatened two female students that if they did not write a statement against Plaintiff's student for a due process hearing, that they would be suspended. During the due process hearing for short term suspension, Plaintiff asked about the statements, Eric Griffith vp- high school, stated that it was unrelated to what was going on at the moment, "due process hearing."

On January 24, 2024, Plaintiff made a written request to view the video used against her student in a due process hearing, and received a letter dated January 25, 2024, by Justin Baker, denying access in violation of FERPA states, "FERPA when a video is an education record of multiple students, in general, FERPA requires the educational agency or institution to allow, upon request, and individual parent of a student (or other student if the student is an eligible student) to whom the video directly relates to inspect and review the video". See 2017 Letter to Watcher. Defendants refused to allow both Plaintiff and student to see video footage used against her in a due process hearing for suspension, but Justin Baker, director and Eric Griffith vp-high school of SICS.

On January 25, 2024, Plaintiff filed a complaint with the dept of education and dept of children and families for educational neglect of the Plaintiff's student. Plaintiff presented herself at the business office where she refused to speak with Justin Baker and conveyed to him that he was a part of the problem that Plaintiff's concerns are ignored by administrators regards to administrators misconduct and bullying of Plaintiff's student.

On January 26, 2024, Plaintiff issued a ceased and desists to the Defendants, and wrote out her concerns regarding administration and students have created a hostile environment for her student. On February 1, 2024, Plaintiff received a "No Trespass Order" dated January 29, 2024 signed an dated by both Justin Baker and Derek Conway. Springfield International Charter School is a public school that receives both state and federal funding and is open to the public for voting, sports, open house, and etc. The no trespass order fails to give a reason for

the NTO, and it also fails to provide a right to appeal, to e heard by an impartial tribunal in violation to the Plaintiff's procedural due process clause 14th, and it does not have an expiration date.

Defendants have intentionally prohibited the Plaintiff from her student's education, and has tried to use the Plaintiff's husband as a loophole to avoid Plaintiff. Plaintiff and her husband are legally married since 8/19/2006, and at no time did Plaintiff give permission for Plaintiff's husband to speak on Plaintiff's behalf.

Defendants have also retaliated against Plaintiff for a protected activity under the 1st Amendment of Freedom of Speech and Expression and petition to government agency for grievance when she filed complaints with Dept of Ed. Plaintiff's student had been being bullied by both staff administrative and students. Defendants have ignored Plaintiff's concerns, inadequately addresses bullying behaviors and shift blame onto the Plaintiff's daughter who is the victim of individual and groups of bullying behaviors, and as a result their persistent tolerance of the behaviors it almost seems Defendants encourage the abuse by doing nothing to prevent or stop the harassment and bullying. Defendant has created a hostile environment by encouraging, tolerating by not adequately addressing the issues, instead shift the blame onto the targeted student, ignore the complaints, and actions of administration by verbal acts, chanting the Plaintiff's students name in the hallways, following her around micromanaging Plaintiff's student, and that creates for a much bigger problem because then student find it easy to call Plaintiff's student names, physically threaten, humiliate and write things on white board, and teachers say and do nothing.

Since October 2021, Defendants have failed to respond appropriately to being discriminatory harassed and abused by both administrators, and students, or group of students targeting to physically attack. Defendants condone the behaviors of other students against Plaintiff's student because the administration does not like how Plaintiff calls the school out on their abuse and neglect of Plaintiff's student. Plaintiff has called the staff dishonest. Ex: Under oath, staff Shawn Moore refused to give an answer to any questions asked in a court hearing because she trying to protect the student who had been harassing and bullying Plaintiff's daughter in school to the

point Plaintiff had to get a harassment order dated July 6, 2022. Another example of inability to be impartial, a staff person was caught in untruthfulness, on her statement but administration Brendan Dwyer consequence Plaintiff's daughter with a one-day suspension and a safety contract for a lie told by a female teacher that Plaintiff's daughter, "swung at teacher" no student cosigned on the allegations, and students sided with Plaintiff's student accounts. 1/24/2024, due process hearings violation conducted unfairly, and Defendants investigations are faulty, and intentionally designed to consequence Plaintiff's student for the Defendants inability to not be able to do anything to Plaintiff.

Defendants' actions and inactions towards both the student and parent are deliberate. During the due process hearing, Plaintiff was not made aware that she would be recorded by Eric Griffith, vp high school. Defendants have sided with the bullies against Plaintiff's student.

Defendants failed to investigate the Plaintiff's allegations but instead find evidence to consequence the Plaintiff's student instead, ex: 3/12/2024, a student walked up to Plaintiff's student spoke into the camera and said, "I'm going to lay you out" and because Plaintiff's student recorded the person, Defendants tried to suspend Plaintiff's daughter and not the student for the verbal threat.

Plaintiff's student's complaints of bullying are ignored, and Defendants report to the parent of the bully that the Plaintiff and her student is the problem. Conflict of interest exist between the Defendants and parents Lakia Wheeler, her children work at the school, and Tawni Walter, because of her bully, Plaintiff's student was made to sit in the hallway with no class to go to, and threatened by administrator if she went into the class, she was originally assigned to she would be consequence Sept 2023.

Defendants have allowed parents and students to interfere with Plaintiff's students' education. 11/10/2022, Plaintiff was tailgated through the parking lot of the school by the brother of a bully and Plaintiff was yelled at by this Davion Lopez, ": Move Nigga Move Nigga" and tailgated on public road. Defendants reported to the parent that the incident never happened. It is also alleged by a parent that she spoke with Paige Tobin, Esq counsel for Defendants and was told that the Plaintiff claims of bullying were untrue.

Defendants have a personal grudge against Plaintiff so they intentionally harass the Plaintiff's student. The main issue is the No trespass Order. Plaintiff's student had emergencies and was unable to report to the school, but the Defendants allow parents of children who bully and sit outside school and watch Plaintiff's student during student life. Defendants allow Plaintiff's student to bullied and harassed and threatened daily basis. Plaintiff's student's physician at last physical was concerned about Plaintiff's student's "significant weight loss".

Plaintiff' has been emotionally distressed, angry and anxious at times when she could not help her child in an emergency at school. Defendants placed the no trespass to stop Plaintiff from coming to the school to make sure her student is allowed to file a bullying report, when teachers fail to adhere to safety plan since August 2023.

2/2024, Plaintiff was excluded from her student's safety plan meeting, Plaintiff husband disagreed with Defendants suggestions, but implemented them anyways only for one week before school ended, the escort left Plaintiff's student to protect herself from a group of girls, and escort did nothing. Failure to keep Plaintiff's student safe and Defendants are on the side of the bullies and their parents against Plaintiff and her student whose targeted on daily basis. Defendant has abused their discretion with suspensions and emergency removals, and portraying Plaintiff's student as a problem.

Defendants took adverse action against Plaintiff for exercising her rights under protected activity, free speech filing petition for redress for grievance for an intentional act perpetrated by Defendants against the Plaintiff's student and parent, Plaintiff. excluded from her fundamental right under the constitution to parent her child, upbringing and education under the 14th. Defendants' adverse actions are willful and malicious and retaliatory on its face. Per the NTO, the Plaintiff is only allowed to call or write letters to check on her students' academics, that is humiliating, and parents who encourage bullying do not get the same behaviors from Defendants. Defendants indicated that they would only communicate with Plaintiff's husband, who never gave permission to speak on her behalf.

Parents and legal guardians have the right to attend school meetings and functions related to the education of their children. See *Pierce v. Society of Sisters*, 268 U.S. 510, 534 (1925); Opinion of the Justices to the Senate, 427 Mass. 1201, 1203 (1998), Thus, NTOs that prohibit parents from attending parent-teacher conferences, dropping off and picking up their children at school, and attending school events, may encroach on that right. In addition, if a school place to vote or attend government meetings, NTOs generally should not interfere with those activities. An NTO that is issued in response to something Plaintiff may have said may be illegal (1) if Plaintiff's speech was not threatening or otherwise unprotected by the Constitution and (2) if the government cannot show the NTO is justified by a compelling interest. Where an NTO restricts someone's right to enter public property, the government must have a sufficiently good reason for issuing it and for its scope. Regardless of the alleged behavior at issue, Plaintiff has the right to due process when the NTO applies to public property. See *Gonzalez-Droz v. Gonzalez-Colon*, 660 F.3d 1, 13 (1st Cir. 2011) ("Whether the deprivation was, in fact, justified is not an element of the procedural due process inquiry").

Due process means that the subject of a NTO has the right to be (1) told about the specific reason for the NTO and (2) given an opportunity to be heard and explain their side of the story or give reason why the NTO is not fair or necessary. Plaintiff also have a right to not be subjected to an NTO that is issued in retaliation for protected speech (as opposed to one issued for conduct or threats of violence, for instance). See *Pollack v. Reg'l Sch. Unit 75*, 12 F. Supp. 3d 173, 188 (D. Me. 2014) (quoting *González-Droz v. González-Colón*, 660 F.3d 1, 16 (1st Cir.2011)) ("State actors, including both school districts and individual school officials, 'offend the First Amendment when they retaliate against an individual for constitutionally protected speech").

Defendant sent an invitation to all families for their child's "Step Up" from middle school to high school. Plaintiff was not allowed to attend her child's event. Plaintiff has always supported her children in school achievements and performances and etc. But was prohibited from attending by Defendants. Plaintiff's student had a doctor's appointment and was prohibited from picking her child up from school, to take her to her physical. Plaintiff had to attend to an emergency at the school 3/15/2024 and 4/10/2024 but was prohibited from the

5 - 6

school, Derek Conway and Shawn Moore walked the student over fifty yards to her parent who waited at the gate. Derek Conway and Justin Baker have abused their authority, and have tried to humiliate the Plaintiff. Plaintiff has come to the school to fil complaints the actions of the Defendants are retaliation for a protected activity and for Plaintiff forcing Defendants to adhere to the anti-bullying laws and their own policy.

See attached No Trespass Order dated January 29, 2024, you will see that a reason for the order is not mentioned, The right to be heard is also not provided. In violation of the 14th. Denied access to the video used against student in a due process hearing, where the only evidence used was student statement, alleged victim, and video, that was both student and parent, Plaintiff were not allowed to review, FERPA violation and 14th Amendment.

*Jeanne Williams-Boyle*  7/1/2024

6 — 6