

Jean Bariffe
127 Farnham Avenue
Springfield, MA 01151

January 29th, 2024

Re: Notice of Trespass

Dear Ms. Bariffe:

Notice is hereby given pursuant to M.G.L. Chapter 266, § 120 as amended to Jeanne Bariffe currently residing at 127 Farnham Avenue, Springfield Ma. 01129.

Upon receipt of this letter, you are hereby forbidden to enter upon the premises described as follows, of which I have lawful control: Springfield International Charter School, 160 Joan Street, Springfield, MA 01129, and Springfield International Charter School Business Office, 1916 Wilbraham Road, Springfield, Ma. 01129. You are not allowed on the premises of Springfield International Charter School to include entering through the gates on Sunbrier and Joan Streets. You are not allowed within the perimeter, within the school buildings or athletic fields or walkways. You are still entitled to school records, and you may still mail via postal service and call the school for updates and information.

Should you enter these premises, you will be subject to arrest and to a fine of $100.00 or 30 days imprisonment, or both, as provided for in MGL Chapter 266 § 120. A copy of this letter is being forwarded to the Springfield Police Department.

Justin Baker
Director
Springfield International Charter School
160 Joan Street
Springfield, MA 01129

Derek Conway
Director of Operations
Springfield International Charter School
160 Joan Street
Springfield, MA 01129

CC: Springfield Police Department

160 Joan Street, Springfield MA 01129 || Tel: 413-783-2600 || Fax: 413-783-2555    www.sics.org



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF MANAGEMENT

December 7, 2017

Timothy S. Wachter
Knox McLaughlin Gornall & Sennett, P.C.
120 West 10th Street
Erie, PA 16501

Dear Mr. Wachter,

This is in response to your October 31, 2017, inquiry regarding the Family Educational Rights and Privacy Act (FERPA). 20 U.S.C. § 1232g and 34 CFR Part 99. Specifically, you stated that the Wattsburg Area School District (District) located in Erie County, Pennsylvania has received a State Right-to-Know Act request from a parent of a student for a copy of a surveillance video of a hazing incident and for copies of statements that other students wrote regarding the incident. The parent making the request for the copies of the video and witness statements is a parent of one of the students who was involved in the incident and disciplined as a result of his participation in the incident.

You initially wrote that "[t]he incident in question involved multiple players on the football team, and the video depicts not only innocent bystanders, but also upwards of a dozen students who were punished by the School District as a result of their participation in the incident." You also indicated that the witness "statements pertain to the involvement of the same 10-12 students and not to each of the students in their individual capacities."

By follow-up email on November 6th, you clarified that there were eight students directly involved in the hazing incident, two victims and six perpetrators. You indicated that a school's surveillance video captured the six perpetrators securing the two victims from the school's hallway and forcing them into the school's wrestling room. The surveillance video then recorded four of the perpetrators entering the wrestling room with the victims, and two of the perpetrators remaining in the hallway serving as "look-outs" for any school officials that may be coming towards them.

You also explained in a November 1st telephone conversation that the school's surveillance video system is not managed by the District's or school's law enforcement unit. Rather, you indicated that the school administration maintains both the video and the witness statements. You further indicated that the District has determined the videotape is the "education

400 MARYLAND AVE. S.W., WASHINGTON, DC 20202-
www.ed.gov

The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.

Page 2 – Mr. Timothy Wachter

record" of the students involved in the incident. You indicated that the incident was premeditated and that the video was used to discipline the students and is maintained in the students' disciplinary files. You stated that the District cannot afford software that would blur the faces of the other students in the video. In addition, you indicated that the District has determined that the witness statements are the "education records" of the students involved in the incident. The school used the witness statements to discipline the students and maintains said statements in the students' disciplinary files. You indicated that releasing the witness statements, even in redacted format, would reveal the identity of the student-witnesses.

We note that we have not reviewed the video or the witness statements about which you inquire, and, thus, our response is based on your description of them, as set forth above.

I. Questions Posed:

You asked if the video is an education record of each of the students who were disciplined as a result of their involvement in the incident. If so, you further ask if the video is an education record of all involved students and whether the District is permitted to release the video to an individual parent of an involved student or whether the District must receive consent of each parent of each involved student prior to the release of the video.

You similarly ask if the District is permitted to release the witness statements to a requesting parent of an involved student, or, much like the video, would the School District be required to receive the consent of each of the parents of the involved students prior to the release of the witness statements.

II. Applicable FERPA Provisions

FERPA is a Federal law that protects the privacy of students' education records and the Personally Identifiable Information (PII) contained therein. The term "education records" means, with certain exceptions, those records that are: (1) directly related to a student; and (2) maintained by an educational agency or institution or by a party acting for the agency or institution. 20 U.S.C. 1232g(a)(4)(A); 34 CFR § 99.3 "Education records." FERPA affords parents and eligible students the right to have access to their education records, the right to seek to have their education records amended, and the right to have some control over the disclosure of PII from their education records. (An "eligible student" is a student who has turned 18 years of age or is attending an institution of postsecondary education at any age.) *See* 20 U.S.C. 1232g(d); 34 CFR Part 99, Subparts B, C, and, D; and 34 CFR §§ 99.3 "Eligible student" and 99.5(a)(1). Under FERPA, an educational agency or institution is prohibited from disclosing student education records or the PII contained therein, without prior, written consent from the parent or eligible student, unless the disclosure meets an exception to FERPA's general consent requirement. *See* 20 U.S.C. 1232g(b), (h), (i), and (j); 34 CFR § 99.30 and §§ 99.31. Here is a link to the FERPA regulations on our website:
htt

400 MARYLAND AVE. S.W., WASHINGTON, DC 20202-4500
www.ed.gov

The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering national educational excellence and ensuring equal access.

Page 3 – Mr. Timothy Wachter

FERPA's access provisions require that "educational agencies and institutions" (referred to as "schools" herein) provide parents and eligible students with the opportunity to inspect and review education records within 45 days of receipt of a request. 34 CFR § 99.10(b). While FERPA requires schools to provide a requesting parent or eligible student with the opportunity to inspect and review his or her child's, or his or her, education records, it does not require schools to provide parents or eligible students with *copies* of education records unless circumstances effectively prevent a parent or eligible student from exercising his or her right to inspect and review the education records and the school does not make other arrangements that would allow for the parent or eligible student to inspect and view the requested records. 34 CFR § 99.10(d). For example, a school could be required to provide copies if the parent or eligible student did not live within commuting distance of the school and the school did not make other arrangements for inspection and review. Thus, FERPA's access provisions generally would not require the District to provide copies of the videotapes or the witness statements to parents of the disciplined student who requested copies of these records; any requirement for the District to provide or release copies of these records to parents would arise under the Pennsylvania Right-to-Know Law, rather than FERPA. That said, it would not violate FERPA for the District non-consensually to disclose to an eligible student or his or her parents copies of education records that the eligible student or his or her parents otherwise would have the right to inspect and review under FERPA. 34 CFR § 99.31(a)(12). (Note: while we recognize that it may not be possible to do so in this situation in light of the District's legal obligations in responding to a parent's request for his child's education records under the Pennsylvania Right-to-Know Law, when possible, we recommend that the District obtain written consent from other parents and eligible students whose information will be disclosed prior to the provision to parents or eligible students of copies of education records containing such information.)

FERPA provides that when education records contain information on more than one student, the parent may inspect and review or "be informed of" only the specific information about his or her own child. (If an eligible student, he or she may only have access to the information that relate to him or her.) See 20 U.S.C. 1232g(a)(1)(A) and 34 CFR § 99.12(a).

In the preamble to the 2008 rulemaking in responding to a comment on the broadened definition of PII in the context of releasing student witness statements as part of student disciplinary process and the potential impact that redaction of the name of the student witnesses would have on due process rights of the student being disciplined, we stated as follows:

> Under th[e] definition [of the term "education records"], a parent (or eligible student) has a right to inspect and review any witness statement that is directly related to the student, even if that statement contains information that is also directly related to another student, if the information cannot be segregated and redacted without destroying its meaning. For example, parents of both John and Michael would have a right to inspect and review the following information in a witness statement maintained by their school district because it is directly related to both students: "John grabbed Michael's backpack and hit him over the head with it."  Further, in this example, before allowing Michael's parents to inspect

400 MARYLAND AVE. S.W., WASHINGTON, DC 20202-4500
www.ed.gov

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering national educational excellence and ensuring equal access.*

Page 4 – Mr. Timothy Wachter

> and review the statement, the district must also redact any information about John (or any other student) that is not directly related to Michael, such as: "John also punched Steven in the stomach and took his gloves."

73 Fed. Reg. 74806, 74832-33 (Dec. 9, 2008). Thus, when an education record contains information on more than one student, the parent may inspect and review or "be informed of" only the specific information about his or her own child, unless the information about the other student or students cannot be segregated and redacted without destroying its meaning.

III. Application of FERPA to Your Questions:

In the current situation, you indicated that the District has determined the video and the witness statements are the "education records" of the eight students involved in the hazing incident. While we have not reviewed the underlying records, based on the information you have provided, we agree that the video and the witness statements appear to be the education records of each of the students who were disciplined as a result of their involvement in the incident (note: While it is not necessary to answer the questions posed by the District, we note that we also think that they would be the education records of the two victims). We reach this conclusion because you indicated that the video and the witness statements are maintained by the school administration in the students' disciplinary files (and not by the District's or school's law enforcement unit) and are directly related to the hazing incident and the group of students involved in that incident. Further, the school used these records to discipline the students who perpetrated the hazing.

Given that the video and the witness statements both contain information on more than one student and concern a single incident of hazing, we next turn to the example provided by our 2008 preamble to analyze this situation. Thus, the parents of the alleged perpetrator to whom the video and the witness statements are directly related (or the alleged perpetrator if the alleged perpetrator is an eligible student) would have the right under FEPRA to inspect and review information in the video and witness statements that are about the alleged perpetrator, even though they also contain information that is also directly related to other students, so long as the information in these records cannot be segregated and redacted without destroying its meaning.

While we believe that the District is in the best position to make this determination, based on the information you provided, it does not appear to us that the information in the video can be segregated or redacted without destroying its meaning. Technologically, the District stated that it cannot afford software that would blur the faces of the other students in the video. And from the District's depiction of the video, it also does not sound as if the District can segregate the video by showing parents or eligible students a distinct time period of the video in order to portray the student's singular involvement in the hazing incident. However, if it is possible for the District to disclose only a portion of the video in a way that would fully depict the student's involvement in the hazing incident, then such segregation of information about other students would be required.

400 MARYLAND AVE, S.W., WASHINGTON, DC 20202-1500
www.ed.gov

The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.

Page 5 – Mr. Timothy Wachter

With regard to witness statements, the District similarly would need to determine whether it can segregate or redact any of the information that is in the witness statements that is about both the student making the request and other students without destroying its meaning. While it would seem unlikely that the District could redact, without destroying the meaning of the witness statements, observations conveyed about the hazing incident as a whole, other information in the witness statements may be able to be redacted without destroying the meaning of the witness statement. Thus, if it is possible for the District to redact the witness statements or disclose only a portion of the witness statements in a way that would fully depict the student's involvement in the hazing incident, then such redaction or segregation of information about other students would be required. As an example of information that could be redacted from the witness statements, it sounds to us as if the District could redact the identity of the student-witnesses who authored the witness statements without destroying the meaning of the statements because the names of the student authors are not about the student for whom the access request was made. Of course, if the redaction of the identity of a student witness is possible without destroying the meaning of a witness statement, then the District would need to secure the consent of the parents of the student-witness, or the eligible student's consent if the student-witness is an eligible student, before disclosing the identity of the student-witness, assuming no other FERPA exception to the requirement of consent applies.

IV. Conclusion

In sum, based on the information you have provided, we agree that the video and the witness statements appear to be the education records of each of the students who were disciplined as a result of their involvement in the incident. FERPA requires the District to allow an individual parent of a student who was disciplined for the incident (or the student if the student is an eligible student) to inspect and review his or her child's (or his or her) education records upon request but generally does not require the District to release copies of education records. In providing access to the video, the District must provide the parents of a disciplined student (or the student if the student is an eligible student) with the opportunity to inspect and review the video so long as the video cannot be segregated and redacted without destroying its meaning. It does not appear to us that the District can segregate or redact the video without destroying its meaning. In providing access to the witness statements, the District similarly must provide the parents of a disciplined student (or the student if the student is an eligible student) with the opportunity to inspect and review those portions of the witness statements that are about the disciplined student and other students if they cannot be segregated or redacted without destroying their meaning. It appears to us, however, that the District could redact some information in student-witness statements that is about other students, such as the identity of the student who authored the particular witness statement, without destroying the meaning of that witness statement. While we do not advise on the District's obligations under the Pennsylvania Right-to-Know Law, we note that FERPA does not generally require the District to provide copies of education records to parents and eligible students. That said, it would not violate FERPA for the District non-consensually to disclose to an eligible student or his or her parents copies of education records that the eligible student or his or her parents otherwise would have the right to inspect and review under FERPA.

Page 6 – Mr. Timothy Wachter

We trust that this is responsive to your inquiry. Should you require additional guidance, please do not hesitate to contact us again at the following address:

>Office of the Chief Privacy Officer
>U.S. Department of Education
>400 Maryland Avenue, SW
>Washington, D.C. 20202-8520

Sincerely,

Michael B. Hawes
Director of Student Privacy Policy
Office of the Chief Privacy Officer
U.S. Department of Education