UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEANNE WILLIAMS-BARIFFE<br>    Plaintiff,<br><br>v.<br><br>SPRINGFIELD INTERNATIONAL<br>CHARTER SCHOOL, JUSTIN BAKER,<br>DEREK CONWAY, BRENDAN DWYER,<br>ATU WHITE,<br>    Defendants. | **3:24-CV-30084-KAR** |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.    Background.**

On July 1, 2024, Plaintiff Jeanne Williams-Bariffe ("Plaintiff") filed a complaint seeking, *inter alia*, compensatory damages and injunctive and declaratory relief under various federal and state statutes on behalf of her and her minor daughter[1] against the Springfield International Charter School and numerous school officials as individual defendants.

Defendants now move, pursuant to Fed. R. Civ. P. 12(b)(6) and 41(b) for failure to state a claim upon which relief can be granted and for Plaintiff's failure to state a clear and precise statement of her claims. As grounds therefore, the Defendants state:

1. Plaintiff's *pro se* representation of her daughter, who is a minor, violates Fed. R. Civ. P. 17(c).

---

[1] The lawsuit was not brought on behalf of the minor daughter, however, in Plaintiff's Complaint, many of the factual allegations concern treatment/circumstances only relevant to Plaintiff's minor daughter.

2. Plaintiff's Complaint fails to contain a short and plain statement of the claim in violation of Fed. R. Civ. P. 8(a)(2); each allegation of the pleading is not simple, concise and direct as required by Rule 8(d)(1); and, in violation of Fed. R. Civ. P. 10(b), the Plaintiff's claims are not in numbered paragraphs, each limited as far as practicable to a single set of circumstances.

3. Plaintiff's Complaint fails to state claims upon which relief can be granted.

## II.     **Plaintiff's Complaint.**

As part of Plaintiff's Complaint, a six (6) page, single spaced narrative was attached. It fails to enumerate paragraphs or allege specific claims. Plaintiff's claim is disjointed and unclear, jumping from allegations regarding the No Trespass Order issued to her, to other allegations such as treatment of her daughter, a minor, by the Springfield International Charter School (the "School"). It is silent as to which claims are being brought against which defendants, and why. Some examples directly from Plaintiff's Complaint include the following[2]:

- Plaintiff's student had been being bullied by both staff administrative and students. (P. 2, Par. 2)

- Defendants have ignored Plaintiff's concerns, inadequately addresses bullying behaviors and shift blame onto the Plaintiff's daughter who is the victim of individual and groups of bullying behaviors, and as a result their persistent tolerance of the behaviors it almost seems Defendants encourage the abuse by doing nothing to prevent or stop the harassment and bullying. (P. 2, Par. 2)

---

[2] There are a litany of other allegations specifically addressing Plaintiff's child, rather than Plaintiff.

- Defendant has created a hostile environment by encouraging, tolerating by not adequately addressing the issues, instead shift the blame onto the targeted student, ignore the complaints, and actions of administration by verbal acts, chanting the Plaintiff's students name in the hallways, following her around micromanaging Plaintiff's student, and that creates for a much bigger problem because then student find it easy to call Plaintiff's student names, physically threaten, humiliate and write things on white board, and teachers say and do nothing. (P. 2, Par. 2)

- Defendants condone the behaviors of other students against Plaintiff's student… (P. 2, Par. 3)

- 1/24/2024, due process hearings violation conducted unfairly, and Defendants investigations are faulty, and intentionally designed to consequence Plaintiff's student for the Defendants inability to not be able to do anything to the Plaintiff. (P. 2, Par. 3 – continued onto P. 3)

- Defendants' actions and inactions towards both he student and parent are deliberate. (P. 3, Par. 1)

- Defendant has abused their discretion with suspensions and emergency removals, and portraying Plaintiff's student as a problem. (P. 4, Par. 3).

Aside from the Director of the School, individual defendant Justin Baker ("Baker"), there is almost no reference to or allegations made concerning the other individual defendants. Plaintiff's Complaint alleges that individual defendant Derek Conway ("Conway") signed the No Trespass Order (P. 1, Par. 4) and Brendan Dwyer ("Dwyer") suspended Plaintiff's daughter (P. 2, Par. 3 continued onto P. 3). Dwyer is never mentioned again in the Plaintiff's Complaint. Conway is mentioned only again in the second to last paragraph of Plaintiff's Complaint, when she alleges that he escorted Plaintiff's daughter to the Plaintiff during the No Trespass Order, and that he and Baker

tried to humiliate the Plaintiff. Atu White ("White") is never mentioned in Plaintiff's Complaint.

III. **Argument.**

Rule 41(b) of the Federal Rules of Civil Procedure states, in part, as follows:

**(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff… to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant.

In commencing this action, the Plaintiff failed to comply with the Federal Rules of Civil Procedure in two ways. First, Plaintiff, purports to represent both herself and her minor child, *pro se*, in violation of Fed. R. Civ. P. 17(c). She cannot do so. Second, in its confusion and poor organization, Plaintiff's Complaint fails to contain a "short and plain" statement of Plaintiff's claim showing that she is entitled to relief. Therefore, Plaintiff's Complaint must be dismissed. See Vakalis v. Shawmut Corp., 925 F.2d 34, 36 (1st Cir. 1991) (disobedience of court order justified dismissal under Rule 41(b)).

A. **Plaintiff cannot represent her minor daughter,** *pro se***.**

Rule 17(c) of the Federal Rules of Civil Procedure permits a minor to bring suit through a legal representative, such as her parent, guardian or conservator. This does not mean, however, that a non-attorney may bring an action on behalf of a minor child. "*Pro se*," by definition, means to appear for one's self. A *pro se* litigant may not appear on behalf of another. Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998). See Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982)("The federal courts have consistently rejected attempts at third-party lay representation.")

4

A litigant's right to proceed in federal court as his or her own attorney is long recognized under 28. U.S.C. Section 1654. In contrast, however, Rule 17 of the Federal Rules of Civil Procedure precludes minors from determining their own legal actions. Rather, they may sue or defend only through a legal representative. Thus, it is well-established that the right to proceed *pro se* in federal court does not extend to the non-attorney parents of a minor. Stated another way, "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59, 61 (2nd Cir. 1990) (citation omitted). See O'Diah v. Volkswagen of America, Inc., 91 Fed. Appx. 159, 160 (1st. Cir. 2004) (unpublished) (father may not represent incompetent son *pro se*).

Defendants do not contend that Plaintiff cannot represent herself *pro se* in bringing the claims about herself, but given how the complaint is disorganized and not properly enumerated, it weaves claims on behalf of Plaintiff's daughter into her own claims. As referenced above, there are direct allegations made regarding the Defendants' actions and treatment as they pertain to Plaintiff's daughter, not Plaintiff. As such, Plaintiff purports to represent her minor daughter *pro se* based on some of the allegations she makes in Plaintiff's Complaint, however, she cannot do so. As such, Plaintiff's Complaint should be dismissed.

### B. Plaintiff's Complaint violates Rules 8 and 10(b).

Plaintiff's Complaint fails to contain a short and plain statement of the claim in violation of Fed. R. Civ. P. 8(a)(2); each allegation of the pleading is not simple, concise and direct as required by Rule 8(d)(1); and, in violation of Fed. R. Civ. P. 10(b), the Plaintiff's claims are not in numbered paragraphs, each limited as far as practicable to a

single set of circumstances. The purpose of this rule is "'not [to] require a claimant to set out in detail the facts upon which he bases his claim,' [but] the Rule at least requires 'a short and plain statement of the claim' that will give the defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests.'" Chaabouni v. City of Boston, 133 F. Supp. 2d 93, 95 (D.Mass. 2001). A defendant enjoys an "inalienable right to know in advance the nature of the cause of action being asserted against him." Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995).

Despite ardent protection of an individual's right to self-representation, "*pro se* status does not insulate a party from complying with the procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). A less stringent standard of pleading "cannot be taken to mean that *pro se* complaints are held to no standard at all." Green v. Commonwealth of Massachusetts, 108 F. R. D. 217, 219 (D. Mass 1985).

Here, as referenced above, Plaintiff purports to allege claims on behalf of both herself and her minor child. While the Defendants concede that Plaintiff can bring claims *pro se* on behalf of herself, because Plaintiff's Complaint fails to comply with the Federal Rules of Civil Procedure, the Defendants would be forced to speculate about what allegations apply to which claims, which claims are actually being brought on behalf of the Plaintiff, and which claims procedurally cannot be brought on behalf of Plaintiff's minor child. Plaintiff's Complaint is not a "short and plain" statement of her claims, her allegations are not concise, and her allegations are not alleged in numbered paragraphs. As a result, the Defendants are at a disadvantage in responding to Plaintiff's Complaint.

### C. **Plaintiff's Complaint fails to state a claim upon which relief can be granted.**

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-556 (2007). "A complaint must 'contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Hayley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The Court does not credit conclusory legal allegations. Legal Sea Foods, LLC v. Strathmore Ins. Co., 36 F.4th 29, 33-34 (1st. Cir. 2022). In assessing Defendants' Motion to Dismiss, the Court must assume the truth of all well-pled facts and give Plaintiff the benefit of all reasonable inferences drawn therefrom. Giragosian v. Ryan, 547 F.3d 59, 63 (1st. Cir. 2008).

Here, Plaintiff's Complaint has failed to state plausible claims entitled to relief against individual Defendants Conway, Dwyer, and White.

First, White is never mentioned in the narrative accompanying Plaintiff's Complaint. There are no allegations concerning White supportive of a plausible claim. Although the Complaint is unclear as to which claims are asserted against White, all claims against individual Defendant Atu White must be dismissed.

Second, Plaintiff alleges that Dwyer suspended Plaintiff's daughter and that she disagreed with said suspension. Nothing else in Plaintiff's Complaint references Dwyer. There are no allegations supportive of Plaintiff's claims pertaining to Dwyer. The

Plaintiff's Complaint cannot be brought on behalf of Plaintiff's minor daughter, for the reasons stated above. There are no allegations made against Dwyer concerning Plaintiff. As such, Plaintiff's Complaint has failed to state any claim for which relief can be granted against Dwyer, and all claims against individual Defendant Brendan Dwyer must be dismissed.

Finally, Plaintiff's Complaint has made minimal allegations against Conway, none of which amount to a plausible legal claim. Plaintiff's Complaint alleges that Conway "signed the No Trespass Order," "walked the student over fifty yards to her parent who waited at the gate," and "tried to humiliate Plaintiff." Even taken as true, and in totality, which must be done, these allegations do not amount to any legal claim against Conway. As such, Plaintiff's Complaint has failed to state any claim for which relief can be granted against Conway, and all claims against individual Defendant Derek Conway must be dismissed.

### IV. **Conclusion.**

For the reasons set forth above, the Defendants respectfully request that this Court dismiss Plaintiff's Complaint.

Respectfully Submitted,
*Defendants, Springfield International Charter School, Justin Baker, Derek Conway, Brendan Dwyer, Atu White,*
By their attorneys,

*/s/ Ryan T. Allen*
Ryan T. Allen (BBO# 697167)
Kiernan Trebach LLP
40 Court Street, 3rd Floor
Boston, Massachusetts 02108
(617) 426-3900
rallen@kiernantrebach.com

Dated: 12/3/2024

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on CM/ECF system.

                                                  */s/ Ryan T. Allen*
                                                  Ryan T. Allen