UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEANNE WILLIAMS-BARIFFE )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SPRINGFIELD INTERNATIONAL )<br>CHARTER SCHOOL, JUSTIN BAKER, )<br>DEREK CONWAY, BRENDAN DWYER, )<br>ATU WHITE, )<br>    Defendants. )<br>) | **3:24-CV-30084-KAR** |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

**I.     Introduction.**

Defendants Springfield International Charter School ("SICS"), Justin Baker ("Baker"), Derek Conway ("Conway"), Brendan Dwyer ("Dwyer"), and Atu White ("White") (collectively "Defendants") have filed Defendants' Motion to Dismiss Plaintiff Jeanne Williams-Bariffe's Complaint, on the grounds that her complaint contains no factual allegations sufficient to support Plaintiff's claims against Defendants, and that her complaint fails to follow Federal Rules of Procedure 8(a)(2), 8(d)(1), 10(b), and 17(c). The Defendants' Motion to Dismiss is currently pending. The Court should deny Plaintiff's Motion for Preliminary Injunction because it is both premature and baseless.

**II.     Procedural Background.**

Plaintiff filed her Complaint on July 1, 2024 (Dckt. #1) and Motion for Temporary Restraining Order on August 9, 2024 (Dckt. #8). On the same day, the Court denied Plaintiff's Motion for Temporary Restraining Order without prejudice to allow for

renewed filing to meet proper procedural requirements (Dckt. #10). The Defendants were served October 29, 2024. On November 21, 2024, counsel for Defendants filed for an extension of time to file a responsive pleading (Dckt. #18) which was allowed by the Court on November 22, 2024 (Dckt. #19).

On November 26, 2024, Plaintiff filed a Motion for Extension of Time to Re-File Motion for Preliminary Injunction (Dckt. #21). On November 27, 2024, the Court granted Plaintiff's Motion for Extension of Time to Re-File Motion for Preliminary Injunction, and ordered that Plaintiff refile any motion for preliminary injunction by December 11, 2024, and that Defendants shall respond by January 2, 205 (Dckt. #22). On December 3, 2024, Defendants filed the above referenced Motion to Dismiss and supporting memorandum (Dckt. #25, 26). On December 17, 2024, Plaintiff filed her Motion for Preliminary Injunction (Dckt. #27).

**III.     Argument.**

A temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). The analysis for granting a temporary restraining order and a preliminary injunction are nearly identical. *Kilmowicz v. Deutsche Bank Nat'l Tr. Co.*, 192 F. Supp. 3d 251, 253 (D. Mass 2008). A plaintiff seeking preliminary injunctive relief must establish "[1] that she is likely to succeed on the merits, [2] that she is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in her favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. The plaintiff bears the burden

of making a clear showing on these elements and on entitlement to this extraordinary remedy. *Winter*, 555 U.S. at 22.

First, the Plaintiff has not demonstrated that she is likely to succeed. She has not made any showing, much less a clear showing, that she is likely to succeed on the merits of any of her claims against Defendants. In the contrary, she has failed to adequately allege any claims against Defendants.

The Defendants have allowed the Plaintiff's husband to maintain contact with the Defendants regarding their child's education – indeed, he continued to be involved in their daughter's education when she was still a student as well, attending disciplinary hearings and having communication with the Defendants.

Even if the Plaintiff had adequately alleged claims against the Defendants, which Defendants contend she has not, the no-trespass order was issued after Plaintiff engaged in a lengthy pattern of intimidating and threatening behavior against the Defendants dating back to October 2021. These same issues have been brought by the Plaintiff in a claim at the Massachusetts Commission Against Discrimination, Docket No. 24SPA02016. As a result of that ongoing litigation, the Plaintiff is well aware of why the Defendants issued the no-trespass order. Her actions have included Plaintiff sending an email to SICS containing Defendant Conway's home address, she has alleged that a SICS staff member's family members were addicts, and sent emails to SICS staff stating they would "receive [their] accountability check in due time," "reap what [they] sow," and that "vengeance [would be hers]." Because of these threatening and defaming communications, the Defendants blocked email communication with the Plaintiff (while continuing communication with her husband), to which she simply made a new email

3

address and continued her behavior. As a result, the no-trespass order was issued. Plaintiff cannot show any irreparable harm would occur if the no-trespass order is not lifted because her husband is still allowed to communicate with SICS about the ongoing education of their child. Plaintiff simply cannot meet her burden to have her preliminary injunction granted and lift the no-trespass order.

Second, the Plaintiff's motion is premature and not ripe for decision. The Defendants' Motion to Dismiss is currently pending before the Court. As explained in that motion, Plaintiff has not and cannot state a claim against the Defendants. The Defendants' Motion to Dismiss will render the present motion moot, and the Court should decide that motion—and whether the Plaintiff has any viable claim—before addressing the present motion.

### IV.     Conclusion.

For the reasons set forth above, the Defendants respectfully request that this Court deny Plaintiff's Motion for Preliminary Injunction.

>     Respectfully Submitted,
>     Defendants, Springfield International Charter
>     School, Justin Baker, Derek Conway, Brendan
>     Dwyer, Atu White,
>     By their attorneys,
>
>     */s/ Ryan T. Allen*
>     Ryan T. Allen (BBO# 697167)
>     Kiernan Trebach LLP
>     40 Court Street, 3rd Floor
>     Boston, Massachusetts 02108
>     (617) 426-3900
>     rallen@kiernantrebach.com

Dated: 12/31/2024

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on CM/ECF system.

                                                    */s/ Ryan T. Allen*
                                                    Ryan T. Allen