# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JEANNE WILLIAMS-BARIFFE | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **CIVIL ACTION NO:** 24-30084-KAR |
| | * | |
| BOARD OF TRUSTEES: ATU WHITE, JUSTIN | * | |
| BAKER, DEREK CONWAY, in their personal and | * | |
| official capacities | * | |
| | * | |
| | * | |
| Defendants. | * | |

## PLAINTIFF'S OPPOSITION AND POINTS AND AUTHORITIES

## INTRODUCTION

The plaintiff is a dedicated mother who is actively involved with her children and high school students. The defendants, for reasons unknown, maliciously and unlawfully issued a No Trespass Order against her. This action constitutes unfair slander and has barred the plaintiff from entering the public charter school premises and business office. The court should restrain and prohibit the defendants from issuing and enforcing their unconstitutional No Trespass Order. Given the immediate repercussions of this unlawful order, a restraining order is necessary, to be followed by a preliminary injunction upon notice.

## FACTUAL BACKGROUND

On January 24, 2024, Ms. Williams-Bariffe went to Springfield International Charter School for a due process hearing for her female tenth-grade student GB, as requested for two o'clock. Ms. Williams-Bariffe objectively stated that she did not want to have a disciplinary due process hearing with Tyrone Reid, Jr, due to his blatant disrespect by mocking Ms. Williams-

Bariffe during a parent-teacher teleconference with the V-Principal Eric Griffith and Shawn Moore (HS Student Coordinator) that occurred around or about December 21, 2023. Ms. Williams-Bariffe was unaware that Tyrone Reid, Jr was present during this meeting. During the due process short-term suspension hearing, Ms. Williams-Bariffe requested the two other female students' statements about HS V-Principal Eric Griffith threatening these students who were friends of GB, that "if you do not write a statement against GB" (for a due process hearing) "I'm going to suspend you." Out of fear of suspension, the student reported their grievance to Shawn Moore, HS Student Coordinator – Disciplinarian. V-Principal Griffith replied, "We are dealing with this right now" and proceeded to sit down. The entire time V-Principal Griffith gave no eye contact, he was holding up his phone at a low angle, as he read, and continued to hold the phone at an angle once he was completed reading the "hearsay statement without an opportunity to cross-examine the witness statement of the alleged male student. Griffith's body language showed irritability and contempt in his responses to questions relevant to the written statement by the alleged male student. The entire due process hearing was extremely dismissive by V-Principal Eric Griffith's demeanor because he had to conduct the hearing. Before the hearing could begin, V-Principal Eric Griffith loudly stated, "I have to hold this hearing because Ms Bariffe is trying to avoid Tyrone Reid, Jr." V-Principal Eric Griffith during the hearing, V-Principal Eric Griffith was conducting the hearing. First, he read off the statement of the alleged student who was "brutally abused" per Tyrone Reid, Jr. The alleged victim was not present during this hearing but provided a statement which could not be cross-examined. H.S. V-Principal Eric Griffith then read GB's account of what happened the day before during dismissal. But when Ms. Williams-Bariffe asked to inspect or view the video of the incident that allegedly occurred on January 23, 2024, she was directed by Griffith, "The best way is to send an email to

the director asking to see the video." Ms. Williams-Bariffe explained that she was blocked from sending emails since around or about December 21, 2023, by H.S. Principal Brendan Dwyer. Ms. Williams-Bariffe put her request in writing to Justin Baker, Director of SICS, and received a typed letter within twenty-four hours dated January 25, 2024, denying the request, in violation of her rights under the Family Education Rights and Privacy Act (FERPA). In Massachusetts, a parent is allowed to view videos used in disciplinary hearings. FERPA is a privacy law that protects the privacy of student education records and personally identifiable information of students. Education records are defined as records that are: (1) directly related to a student, and (2) maintained by an educational agency or by party acting for the agency. FERPA affords parents and eligible students the right to have access to their education records, the right to seek to have their records amended, and the right to have control over the disclosure of personally identifiable information. According to FERPA requires the district to allow an individual parent of a student who was disciplined for an incident (or the student is an eligible student) to inspect and review his or her child's (or his or her) education records upon request by generally require the district to release copies of education records. In providing access to the video, the District must provide the parents of a disciplined student (or the student if the student is an eligible student) with the opportunity to inspect and review the video so long as the video cannot be segregated and redacted without destroying its means." Disclosing the video date January 23, 2024, for the hearing would not have violated FERPA, for the District non-consensually to disclose to an eligible student or his or her parents copies of education records that the eligible student or his or her parent otherwise would have the right to inspect or review under FERPA 73 Fed. Reg. 74806, 74832-33 (Dec. 9, 2008). See 20 U.S.C. 1232g(a)(1)(A) and 34 CFR § 99.12(a). Justin Baker, Director prohibited Ms. Williams-Bariffe from inspecting/viewing a video

surveillance which was evidence used against Ms. Williams-Bariffe's student. In doing so violated Ms. Williams-Bariffe's rights as the parent to inspect evidence used against her student in a suspension hearing where she legally had the right to be present. This particular video and statements are a part of Ms. Williams-Bariffe's student record being that SICS is the custodian of surveillance videotape that involved her student. Principal Hearing 603 CMR 53.08 under M.G.L. c. 71, s.37H 3/4 – The purpose of the hearing is the same as the purpose of a short-term hearing suspension. At minimum, in addition to the rights afforded a student in a short-term suspension hearing, the student shall have the following rights: 1) the opportunity to review the record and documents upon which the principal may rely in deciding to suspend student or not; 2) the right to be represented by counsel or a lay person of the student's choice, at the student's/parent's expense; 3) the right to produce witnesses on his or her behalf and to present the student's explanation of the alleged incident, but the student may not be compelled to do so; and 4) the right to cross-examine witnesses presented by the school district; and 5) the right to request that the hearing be recorded by the principal, and to receive a copy of the audio recording provided to the student or parent upon request.

On January 24, 2024, Ms. Williams-Bariffe filed a written complaint against Eric Griffith V-Principal, and handed it to Shawn Moore disciplinary staff at SICS due to his micromanaging conduct of her student.

On January 24, 2024, Ms. Williams-Bariffe's daughter sought intervention from Atu White, Superintendent/Chairperson BOT for SICS. White sent an email acknowledging receipt of the email but took no action.

On January 25, 2024, resorted to using hyperboles when she stated in an email to Eric Griffith, Vice-Principal that she believed in "Vengeance is mine; I will repay, say the Lord" is

found in *Deuteronomy* 32:35 and emphasizes God's sovereignty and authority in matters of justice encourages believers to relinquish their desire for personal vengeance. Ms Williams-Bariffe used another hyperbole, "You reap what you sow", which means the consequences of your actions will eventually turn to you whether they are positive or negative. It is a biblical expression that emphasizes the idea that our actions have repercussions.

On January 26, 2024, Ms. Williams-Bariffe filed a 51A report, as advised by a Department of Education investigator. This report addresses the actions and inactions of SICS, which have led to my student expressing thoughts of self-harm, experiencing fear about attending school, and suffering emotional distress due to student and administrative staff's conduct.

On January 26, 2024, Ms. Williams-Bariffe served a priority mail envelope in person to a security guard at SICS. This envelope contained a typed letter (51A) addressed to the Department of Children & Families, which was inadvertently included inside. Ms. Williams-Bariffe did not enter the building; instead, she was greeted at the door while other members of the public entered. Ultimately, as a last resort, Ms. Williams-Bariffe filed a 51A report with the Department of Children and Families located at 112 Industry Avenue, Springfield, MA 01104. This action was taken because Ms. Williams-Bariffe's daughter was feeling unsafe at the school operated by Justin Baker, the Director.

On January 26, 2024, Ms. Williams-Bariffe went to the business office to request a conversation with someone. She was directed to Justin Baker, the Director. However, Ms. Williams-Bariffe declined to speak with him, stating, "I want to speak with someone above you because you are part of the problem." After exiting the building, she re-entered and inquired about the names of the three businessmen seated in the first office to the left of the main entrance

of the business office. During this time, she overheard Justin Baker speaking negatively about her. When she asked the young gentlemen for their names, Justin Baker interrupted, asking, "What do you need their names for?" Ms. Williams-Bariffe chose not to engage further and remained silent. One of the men in the business department then provided her with a business card before she exited through the main entrance door.

On January 26, 2024, Ms. Williams-Bariffe sent a certified "Cease and Desist" letter to Springfield International Charter School and also sent a copy to the Board of Trustees.

On or about January 26, 2024, Ms. Williams-Bariffe filed another grievance against SICS with the Department of Education due to their denial of her request to view the videotape used against her student in a due process hearing.

On January 29, 2024, approximately two to three days after Ms. Williams-Bariffe submitted her copy of the handwritten 51a to DCF, a certified "cease and desist" letter arrived at the business office. The sender demanded to speak with someone other than Justin Baker, the Director of SICS. Additionally, on February 1, 2024, Ms. Williams-Bariffe found a letter taped to her front door by the Hampden County Sheriff. This letter was dated January 29, 2024.

The district issued a No Trespass order against Ms. Williams-Bariffe in retaliation for her protest regarding the intentional mistreatment of her daughter by students, staff, and administration at SICS. This action is part of a pattern of activities by the district aimed at restricting individuals' rights to free speech. The ban also threatens Ms. Williams-Bariffe with arrest for trespassing if she enters the school property. The district has not provided a clear reason for this property ban, nor did they offer any due process, despite Ms. Williams-Bariffe being a parent of children who were set to graduate in 2026, along with another child currently

attending the district. As a result, Ms. Williams-Bariffe was/is still prohibited from attending school board meetings, and other public events on public school property.

The district's actions were intended to chill criticism of the SICS staff and in particular Justin Baker, Derek Conway, and Tyrone Reid Jr. The district has violated and is continuing to violate Ms. Williams-Bariffe's First Amendment rights of Ms. Williams-Bariffe to pick up her son from school for medical emergencies, parent-teacher meetings, and/or doctor's appointments. It has engaged in viewpoint discrimination by allowing the expression of speech supportive of anti-bullying. This ban has also violated the free-speech and expression rights of Ms. Williams-Bariffe by restriction her emails after her criticism of a SICS staff member.

In *Terminiello* v. Chicago (1949), the Supreme Court limited the definition of what constitutes fighting words. The Court determined that words that provoke disputes or cause unrest are protected under the First Amendment and are not classified as fighting words. In R.A.V. v. City of St. Paul (1992), the Supreme Court ruled that the First Amendment prevents the government from punishing speech and expressive conduct simply because it disagrees with the ideas being expressed. Even if certain words are considered fighting words, the First Amendment will still protect that speech if the restriction is based on viewpoint discrimination.

The district banned Ms. Williams-Bariffe primarily for expressing her concerns directly to the school regarding their actions and inaction related to bullying. She criticized the school staff and administration, contacted the Department of Education and the Office for Civil Rights, and, as a last resort, filed a 51A report with the Department of Children and Families (DCF). The district's actions violated Ms. Williams-Bariffe's First and Fourteenth Amendment rights, retaliating against her for exercising her right to free speech and for seeking redress through various government agencies.

**ARGUMENT**

Ms Williams-Bariffe is asking for reconsideration in the Injunction relief authorized by Federal Rule of Civil Procedure 65.

A No Trespass Order, whether temporary or standard, should not be issued solely based on a parent, guardian, or caretaker expressing concerns about the conduct of school officials. The purpose of a No Trespass Order is to prohibit individuals from entering district property due to conduct that poses a serious risk to safety or disrupts school operations, or in response to actual threats of physical violence.

A No Trespass Order would have been necessary if Ms. Williams-Bariffe caused harm or inflicted injury on a member of the school community or threatened or intimidated school members through repeated loud and verbally abusive interactions with school staff or faculty, engaged in stalking, expressed threats or violent behavior, disrupts academic and administrative functions, makes unauthorized visits to classrooms, intentionally damages school property, or participates in criminal activities. The Order issued that banned Ms. Williams-Bariffe does not provide a reason for the Order, it does not provide for a right to be heard (due process) under the 14th Amendment. SICS retaliated against Ms. Williams-Bariffe by issuing this No Trespass Order under the false belief that they do not have to provide adhere to the U.S. Constitution as a public school, that receives federal and state-local funding to operate.

Parents have the right to attend meetings or events at their child's school, particularly to support their child's education. Consequently, the government's authority to issue a Notice to Trespass (NTO) is subject to certain limitations. These limitations include the requirement for due process, a valid justification for the NTO and its scope, and that the NTO is issued by an

authorized individual with jurisdiction over the property. It is important to understand that the legal principles discussed relate to public property that is generally open to the public, which may include parks, during business hours, municipal buildings, or government owned. See, e.g. *Adderley v Florida*, 385 U.S. 39, 47 (1966) jailhouses are generally not open to the public and may be subject to trespassing laws. Under Massachusetts state law, certain government officials have the authority to issue orders that prohibit an individual from returning to public property for a specified period of time. These orders typically state that if the person returns to the property while the order is in effect, they can be arrested for trespassing. See G.L. c. 266, 120, 123 (§123 applies to property owned by the state, public colleges or universities, state or county corrections, and state hospitals); see also *Hurley v Hinkley*, 304 F. Supp. 704, 709 (D. Mass. 1969) (§120 applies to public property).

Individuals have the right to enter public properties that are open to the public. See *Kennedy v City of Cincinnati*, 595 F.3d 327, 336-38 (6th Cir. 2010); see also *Catron v City of Petersburg*, 658 F. 3d 1260, 1266 (11th Cir. 2011) (citing *Chicago v Morales*, 527 U.S. 41 (1999)) ("Plaintiffs have a constitutionally protected liberty interest to be in parks or on other city lands of their choosing that are open to the public generally.") *Matter of B.J.M.*, 98 N.E.3d 867, 869, 873 (Ohio Ct. App. 2017) ("It is generally recognized that a person has a privilege to enter and be upon the public areas of public property," and "due process requires that such persons have a meaningful opportunity to be heard and to contest the decision."); *Anthony v. State*, 209 S.W.3d. 296, 307 (Tex. Ct. App. 2006) ("where a decision to exclude a person from [a public forum] is made before the person has a chance to present any evidence in his or her favor and without any evidence being presented against him or her, due process is violated.").

To revoke an individual's ability to use such property, the government must provide you with "due process." Due process ensures that the individual subject to a Non-Tortious Order (NTO) has the right to be informed of the specific reasons for the NTO. They should also have the opportunity to be heard, allowing them to explain their side of the story or provide reasons why the NTO is unfair or unnecessary. In this case, SICS failed to provide a reason or the opportunity to be heard. Ms. Williams-Bariffe's emails were blocked, and her letters were ignored. This intentional misconduct by SICS appears to be retaliation for Ms. Williams-Bariffe's protected speech and expression, criticism, complaints, and grievances. See *Pollack v. Reg'l Sch. Unit 75*, 12 F. Supp. 3d 173, 188 (D. Me. 2014) (quoting *González–Droz v. González–Colón*, 660 F.3d 1, 16 (1st Cir.2011)) ("State actors, including both school districts and individual school officials, 'offend the First Amendment when they retaliate against an individual for constitutionally protected speech"). The right to be heard should occur before the NTO takes effect, except in cases of serious and immediate public safety risks. See, e.g., *Zinermon v. Burch*, 494 U.S. 113, 132 (1990) (post-deprivation hearing may be sufficient if the state is "truly unable to anticipate and prevent a random deprivation" or pre-deprivation hearing would be unduly burdensome); *Zar v. S. Dakota Bd. of Examiners of Psychologists*, 976 F.2d 459, 465 (8th Cir. 1992) (citations omitted) ("state provided post-deprivation remedy is sufficient when the deprivation was unpredictable, when a pre-deprivation process was impossible, and where the conduct of the state actors was unauthorized"). Or sometime afterward. See *Suboh v. Dist. Attorney's Off. of Suffolk Dist.*, 298 F.3d 81, 94 (1st Cir. 2002) ("Even when there are . . . exigent circumstances, there must be an adequate post-deprivation hearing within a reasonable time"); *B & B Target Ctr., Inc. v. Figueroa-Sancha*, 871 F. Supp. 2d 71, 79 (D.P.R. 2012) (focus must be on the "ready availability of [a] prompt post-deprivation review" and "six months between the

revocation of the plaintiffs' license and the Administrative Hearing is much longer than other durations previously upheld as constitutional") (citing *Gonzalez–Droz v. Gonzalez–Colon*, 660 F.3d 1, 14 (1st Cir. 2011) (two weeks); *Spinelli v. City of New York*, 579 F.3d 160, 174 (2nd Cir. 2009) (fifty-eight days "exceeded the bounds of due process"); *Gamble v. Webb*, 806 F.2d 1258, 1261 (5th Cir. 1986) (eight days)). The January 29, 2024 Order was issued in response to Ms. Williams-Bariffe, as her speech was non-threatening and otherwise protected under the Constitution. SICS has not provided a compelling justification for its actions. Ms. Williams-Bariffe's rights have been limited to phone calls or mail. Furthermore, SICS has not presented enough valid reasons for this restriction or its scope. See, e.g., *Nicholas v. Bratton*, 376 F. Supp. 3d 232, 285 (S.D.N.Y. 2019) (quoting In re Gault, 387 U.S. 1, 33 (1967) ("Notice, to comply with due process requirements, . . . must set forth the alleged misconduct with particularity"). Regardless of the alleged behavior involved, Ms. Williams-Bariffe is entitled to due process when the NTO pertains to public property. See *Gonzalez–Droz v. Gonzalez–Colon*, 660 F.3d 1, 13 (1st Cir. 2011) ("Whether the deprivation was, in fact, justified is not an element of the procedural due process inquiry").

Parents have the right to participate in school meetings and events related to their children's education. See *Pierce v. Society of Sisters*, 268 U.S. 510, 534 (1925); *Opinion of the Justices to the Senate*, 427 Mass. 1201, 1203 (1998). NTO restrictions that prohibit parents from attending parent-teacher conferences, dropping off and picking up their children at school, and participating in school events infringe upon parental rights. SICS should not interfere with parents' ability to attend board and government meetings. SICS should focus on minimizing interference with parents' rights and their children's education. Although SICS may have the authority to restrict school access to ensure a safe and productive environment, it may not so

significantly prohibit an individual parent from normal school access without affording the parent a fundamentally fair opportunity to contest the State's asserted reasons for doing so." *Johnson v. Perry*, 140 F.Supp.3d 222, 229 (D. Conn. 2015), rev'd on other grounds, 859 F.3d 156 (2nd Cir. 2017). Article 1 of the Massachusetts Declaration of Rights, states that every individual in society has both the right and the duty to worship the Supreme Being. The article also emphasizes that all people are born free and equal, possessing natural, essential, and inalienable rights. These rights include the ability to enjoy and defend their lives and liberties, to acquire, possess, and protect property, and to seek and obtain safety. The Order itself is too broad, unwarranted, unlawful, and unconstitutional. Lastly, SICS retaliated against Ms. Williams-Bariffe her protected speech and expression, and violation of the 1st Amendment. SICS failed to afford Ms. Williams-Bariffe the right to be heard under the 14th of the to due process. SICS excluded Ms. Williams-Bariffe in retaliation for being hypercritical of SICS administrative staff.

Ms. Williams-Bariffe is not representing her daughter, she is only providing a background of complaints that prompted her reaction to SICS actions or inactions on bullying, harassing, intimidating, and micromanagement of Ms. Williams-Bariffe's daughter and masking as "duty" or "my job." The micromanagement increased after the NTO, and Ms. Williams-Bariffe received calls regarding her child's hostile educational environment created by SICS, which ultimately caused Ms. Williams-Bariffe a great amount of distress due to SICS intentional act to push her child out of the school.

Ms. Williams-Bariffe is not representing her daughter in this case. The actions made against her were out of retaliation because Ms. Williams-Bariffe criticized the administrative body regards to their misconduct of staff and maltreatment and failure to adhere to their policy and the anti-bullying.

If SICS intends to use email communications between Ms. Williams-Bariffe and their administrative staff, her statements are protected speech. SICS aims to present itself as a professional organization; however, Tyrone Reid Jr.'s actions on November 7, 2022, placed Ms. Williams-Bariffe and her family in danger. On that day, the parent of two female students, aged 16 and 18 at the time, came to Ms. Williams-Bariffe's home to confront her about an email that mentioned her daughter's name. This confrontation occurred after the parent received a call around 6:00 PM from "someone at the school." Through a process of elimination, that "someone" can be identified as either Justin Baker, the Director, Brendon Dwyer, the High School Principal, or Tyrone Reid Jr. Ms. Williams-Bariffe used emails as her primary form reporting system for bullying. The school administration rarely responded, but responded on December 21, 2023 to block Ms. Williams-Bariffe's email was reported as her ridiculing a staff member "Tyrone Reid Jr. Ms. Williams-Bariffe made reports against staff and administrative body for misconduct they were ignored.

Additionally, it is important to note that the parent of these two students had adult siblings who also worked for the defendants. As a result of these incidents, Ms. Williams-Bariffe's daughter was attacked, and complaints were filed with DESE, the Office for Civil Rights, and escalated her complaint to filing a 51a DCF due to the escalating nature of bullying, intimidating, harassing, and threatening, conduct by staff and students caused Ms. Williams-Bariffe emotional distress.

Ms. Williams-Bariffe again is not representing her daughter, she is unable to be brief and finds it necessary to give a factual background. Ms. Williams-Bariffe was doing what any other parent would do if their child was contemplating self-harm due to administrative, staff, and student bullying and harassment, daily.

SICS has an exaggerated hyper-negative interpretation of Ms. Williams-Bariffe's email communications because her ambiguous messages could be interpreted in multiple ways, but due to negative intensification bias – that is, an inclination to read in more negativity than is apparent in the objective features of the messages. It shows context and relationships can influence just how much negativity they perceive. The using hyperboles from the bible is read as threatening. For instance, "I do not believe in karma, I believe in vengeance is mine" meaning that it warns believers not to take revenge, but to leave it to God, who will judge and punish the wicked in His own time and way." See Romand 12:19. Eric Griffith HS V-Principal is an elder in his church, but to fit the narrative SICS wants to read more into the January 25, 2024 email then necessary. Ms. Williams-Bariffe made light of a scuffle when she said, "If you want to see a real fight go to the hood." That happened on October 21, 2021, but SICS wants to exaggerate the matter with displaced perception. Ms. Williams-Bariffe used another parable from the bible and stated, "you reap what you sow", proverb meaning that future consequences are inevitably shaped by present actions.

Ms. Williams-Bariffe sought intervention regards to the NTO, but was ignored by Atu White, Superintendent/Chairperson on the BOT for SICS. Ms. Williams-Bariffe exercised her rights and sought redress for her grievance under the First Amendment of the US Constitution when she contacted the government agencies. And also, reported an allegation of sexual harassment by Eric Griffith by a couple of female middle school students where it was alleged that he said, "You should have my last name" which is inappropriate but was reported and no consequence.

Lastly, although my husband is not the subject to this NTO, he works as a Springfield Public Middle School teacher and is not available in emergencies all the time. He has found him

self having to leave the school on too many occasions placing him at risk of being reprimand or terminated. He has also had to have meetings inside his classroom with his students, to attend a zoom meeting for our daughter. Had his superiors entered or none he could have gotten into serious trouble. And me as a stay-at-home mother and wife our rights to our children our rights to our children are equal. No judge has deemed me unfit nor terminated my rights. SICS administrative ordered this to stifle my advocacy for my children. Administration has defamed Ms. Williams-Bariffe character to others and may have threatened other SICS staff into not having conversations with Ms. Williams-Bariffe. Ms. Williams-Bariffe needed to be present to protect her child(ren) if necessary. Her son who is the remaining child was injured due to SICS negligence when a teacher left students unattended and one student felt the need to start horseplaying and jumped on another students back. When the other student whose back was jumped on forcefully pushed the student off of him, my son sustained a fracture to his right hand, and SICS never contacted home, and the child came home complaining of pain. Father took child to emergency room and x-ray discovered that the twelve year old son had been severely injured as a bystander, who originally moved out of the way, but had his back towards the student. There will be times that the husband is not able to respond. SICS administrative staff administrative lack accountability and they accuse Ms. Williams-Bariffe of nothing but can restrict her from a public school without given and definitive reason, or a right to be heard by an impartial tribunal.

Ms. Williams-Bariffe have been stricken from attending and participating in her child's and children's education milestones, that cannot be recaptured. SICS administrative staff used this NTO during her protected activity under the 1st and violated her rights under the 14th amendment fundamental right as a parent to her child's education and due process before or reasonable time afterwards. Nothing in the NTO indicated a threat of physical body harm, SICS

violated my right of free speech and expression for being their worse critic. SICS staff have been caught in misconduct of lying and allowed to remain in positions, and also jeopardize safety of Ms. Williams-Bariffe and her family, and intentional mistreatment. To NTO because of words and not conduct is a clear violation of the 1st amendment. And not allowing someone a reason or right to be heard is also a violation. The NTO prohibits without out any allowances and the consequence does not fit the allegation, which none are mentioned.

**WHEREFORE**, Plaintiff requests that her case not be dismissed based on the unlawful NTO issued as retaliation against her for free speech expression, petition for a grievance to government agencies in violation of 1st Amendment of the US Constitution. And failure to give a reason for the NTO and right to be heard under the 14th Amendment "due process" under the U.S. Constitution. And violating her rights to access where children's education, pick up and drop off her children to school, and denied parent-teacher conferences and etc with her children education.

**RESPECTFULLY SUBMITTED**
**BY:**
*Jeanne Williams-Bariffe*
JEANNE WILLIAMS-BARIFF, PRO SE

## CERTIFICATE OF SERVICE

**HAMPDEN, ss**                                             **DOCKET# 24-300084-KAR**

On February 3rd 2025, at _____ AM/PM hereby certify that I Jeanne Williams-Bariffe electronic emailed and regular mailed the following documents:

And that she did so mail these documents to:

**Ryan Allen, Esq/Kiernan Trebach LLP** of 40 Court Street, 3rd Floor Boston MA 02108

Email: rallen@kiernantrebach.com

Email: dkelley@kiernantrebach.com

On this **3rd** day of February year of 2025.

**Signed under the pains and penalties of perjury.**

_Jeanne Williams-Baffe    2/3/2025_

**Jeanne Williams-Bariffe**                          **Date**